**Arthur SALAS, Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary, Department of Health, Education and Welfare, Defendant-Appellee.**

No. 78–1759.

United States Court of Appeals, Tenth Circuit.

Submitted on Brief Sept. 14, 1979.

Decided Dec. 26, 1979.

---

Howard L. Graham and Peter Klages, Legal Aid Society of Albuquerque, Albuquerque, N.M., for plaintiff-appellant.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C., R. E. Thompson, U.S. Atty., Charles N. Estes, Jr., Asst. U.S. Atty., Albuquerque, N.M., and Joseph S. Friedman, Atty., Dept. of Health, Education and Welfare, Washington, D.C., for defendant-appellee.

Before McWILLIAMS and LOGAN, Circuit Judges, and MILLER, Judge.*

McWILLIAMS, Circuit Judge.

Arthur Salas made claim for disability insurance benefits under 42 U.S.C. §§ 416 and 423. The Secretary of Health, Education and Welfare denied the claim. Pursuant to 42 U.S.C. § 405(g), Salas sought judicial review of the Secretary's order. The United States District Court for the District of New Mexico affirmed the Secretary. Salas appeals to this Court. We reverse.

Salas, a garbage collector, was severely injured in 1962 when he was caught in a garbage compressor. He thereafter received Social Security disability benefits until December, 1965, when the benefits were terminated. At that time an orthopedic surgeon and a psychiatrist examined Salas, and concluded that although Salas had not sufficiently recovered to resume his old employment as a garbage collector, or to do other heavy manual labor, he was nonetheless able to perform sedentary or other light work, such as driving a taxi or a motel

* Hon. Jack R. Miller, United States Court of Customs and Patent Appeals, Washington, D.C., sitting by designation.

courtesy limousine. It was on this basis that disability benefits were terminated.

In December, 1970, Salas was injured in an automobile accident and he sought medical attention from an orthopedic surgeon in January and February, 1971. This doctor thought most of Salas's problems related to the 1962 accident. The doctor last saw Salas in February, 1971, when the symptoms had subsided and medical attention was deemed no longer necessary.

In 1976 and 1977 Salas was examined by another orthopedic surgeon. This doctor concluded that Salas was totally disabled.

After Salas's claim in the instant proceeding was administratively denied, Salas started his appeal. An Administrative Law Judge heard the matter and denied the claim. The hearing before the Administrative Law Judge was a comparatively brief one. Salas appeared *pro se*. The Administrative Law Judge questioned Salas, with Salas's wife occasionally elaborating on Salas's answers. Salas had but a sixth grade education and had language problems. No other person testified, although written medical reports were received, including the reports of the two doctors who examined Salas in 1965, as well as the doctors who examined Salas in 1971 and 1976. This was the extent of the record made before the Administrative Law Judge.

The Administrative Law Judge found that although Salas was physically and mentally unable to perform the heavy work which he had done before his 1962 injury in the garbage compressor, he was nonetheless able to perform substantial gainful activity of a lighter nature, such as driving a taxi, or as a courtesy driver for a motel, and that "these jobs were present in significant numbers in the region where claimant lives and in several regions of the country."

The Secretary upheld the findings of the Administrative Law Judge without any detailed comment. The district judge in his Memorandum Opinion agreed that Salas had become disabled, before the expiration of his insured status, to the end that he could not return to his previous line of work, and went on to uphold the Secretary's further finding that Salas could nonetheless obtain other gainful employment involving less physical exertion and that such job opportunity was reasonably available. Specifically, the district judge commented as follows:

It is accepted in the record that plaintiff was unable to return to his previous work as an unskilled laborer after the July 9, 1962 accident. Accordingly, the burden shifted to the Secretary to go forward with proof of the reasonable availability of other work for which plaintiff was suited in the geographic area where he lives. *United States v. Newman*, 468 F.2d 791 (10th Cir. 1972). [sic] In making such a finding the Secretary must consider the age, education, and prior work experience of plaintiff. Plaintiff was 38 years old in 1965, had gone to the sixth grade, and had worked as an unskilled laborer, truck driver, and had delivered furniture. Based upon Dr. Hurley's findings in 1965 the Secretary found that plaintiff had the residual capacity to engage in work as a taxi driver or as a courtesy driver for motels. Both jobs being present in significant numbers in the region where claimant lives and in several regions of the country.

■ We resolve this appeal on the basis it is presented to us. The starting point is the finding of the Administrative Law Judge, which was upheld in turn by first the Secretary and then the district judge, that as a result of the 1962 injury Salas was disabled to the extent that he could *not* return to the work he was doing at the time of the accident, or to other work of a similar nature. That finding is not challenged in this appeal. Such being the case, the burden of going forward then shifted from Salas to the Secretary and the latter had the burden of showing that notwithstanding Salas's physical disability which precluded returning to his old job, he nonetheless could obtain other gainful activity involving less physical exertion, and that such job opportunities were available in either the region where claimant resides, or elsewhere. *Keating v. Secretary*, 468 F.2d 788 (10th Cir. 1972); *Kirby v. Gardner*, 369 F.2d 302 (10th Cir. 1966); and *Gardner v. Brian*, 369 F.2d 443 (10th Cir. 1966).

We do not believe that in the instant case the Secretary has met his burden. The evidence in the record to support a finding that Salas, though disabled from returning to his previous level of work, is still able to perform other gainful activity. is minimal, not substantial, and there is *no* evidence which we can find in the record now before us to support the finding that there are job opportunities for such "other" types of gainful activity.

As outlined above, the evidentiary matter before the Administrative Law Judge was meager, only Salas's answers to questions put to him by the Administrative Law Judge. No vocational expert, or any other person for that matter, testified concerning employment openings for one of Salas's limited physical and mental abilities. And the only evidence that Salas would possibly be able to drive a taxi or a motel limousine was contained in a medical report that was over ten years old. It is on this basis that we conclude that there is not substantial evidence to support the Secretary's findings.

We of course recognize that in a proceeding of this type the claimant has the overall burden of establishing his claim. Such is true even though a claimant appears *pro se. Hess v. Secretary*, 497 F.2d 837 (3rd Cir. 1974). However, in the posture the case is presented to us, Salas has met his initial burden of establishing that his 1962 injury has disabled him to the end that he cannot go back to his old job. This *was* the finding of the Secretary. In such case, as above indicated, the burden of showing that Salas could nonetheless obtain other gainful activity, and that such other gainful activity is available, shifts to the Secretary. In sum, there is not substantial evidence in the record before us to support the Secretary's findings in these regards.

We reject the suggestion that we reverse and remand with directions that the Secretary award the disability insurance benefits sought by Salas. We believe it to be fairer to all concerned that we reverse and remand with directions that the Secretary rehear the entire matter, *ab initio.*

The instant case is strikingly similar to *Garrett v. Richardson*, 471 F.2d 598 (5th Cir. 1972) and *Kerner v. Flemming*, 283 F.2d 916 (2nd Cir. 1960). In *Garrett* the case was remanded to the Secretary because no vocational expert had testified with regard to the ability of the claimant to engage in substantial gainful activity. In *Kerner* the case was remanded to the Secretary to take additional evidence on the issues of employability and job opportunity.

Judgment reversed and cause remanded with direction that further proceedings be consonant with the views herein expressed.