David BACA, Plaintiff,

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. No. 93–405 SC/DJS.**

United States District Court,
D. New Mexico.

June 20, 1995.

Gary J. Martone, Albuquerque, NM, for plaintiff.

Ronald F. Ross, U.S. Attorney's Office, District of New Mexico, Albuquerque, NM, for defendant.

### *ORDER*

CAMPOS, District Judge.

This matter having come before the Court on the proposed findings and recommended disposition of the United States Magistrate Judge, and no objections to the proposed findings and recommended disposition having been filed, and the Court having made a *de novo* determination of the Magistrate Judge's proposed findings and recommended disposition;

**IT IS HEREBY ORDERED** that the proposed findings and recommended disposition of the United States Magistrate Judge are adopted by the Court;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand be granted.

May 25, 1995.

### *MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION* [1]

SVET, United States Magistrate Judge.

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health and Human Services (Secretary). The Secretary determined that Plaintiff is not eligible for disability insurance benefits.

---

**1.** Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.

A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Plaintiff moves this Court for an order remanding this matter for a rehearing. The Court will review the Secretary's decision to determine whether the Secretary's findings are supported by substantial evidence and whether the Secretary applied correct legal standards in making his findings. *Williams v. Bowen,* 844 F.2d 748 (10th Cir.1988).

### Administrative History

2. Plaintiff filed Social Security disability benefit and Supplemental Security Income applications on December 20, 1990 and November 7, 1990. Tr. 73. Plaintiff's application for disability insurance benefits was denied at the administrative level. Plaintiff requested and received a *de novo* review before an administrative law judge (ALJ). A hearing was held before the ALJ at which Plaintiff and his attorney appeared and the ALJ found Plaintiff was disabled with an onset date of April 10, 1992. Tr. 25. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. The decision of the ALJ therefore became the final decision of the Secretary for judicial review purposes.

### Statement of the Facts

3. Plaintiff alleges a disability due to a back problem, ulcer, left foot, head injury and left knee cap. Tr. 96. Plaintiff was forty nine years old and had the equivalent of a high school education. Tr. 24. His past relevant work was as a groundskeeper, a warehouse worker and an animal control officer. *Id.*

### Issues

4. Plaintiff alleges the Secretary's decision is not supported by substantial evidence and is contrary to legal standards. Further Plaintiff alleges that the Secretary failed to carry her burden of proof. Specifically, Plaintiff alleges that substantial evidence does not support the Secretary's determination of the onset date and that it was error for the Secretary not to consider that Plaintiff received disability benefits from the State of New Mexico's General Assistance program.

### The Standard of Review

5. The function of this Court on review is not to try the Plaintiff's claim *de novo,* but to determine upon the whole record whether the Secretary's decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497–98 (10th Cir.1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Id.* It is well settled that if there is substantial evidence to support the Secretary's decision then that decision must be upheld. However, the district court should not blindly affirm the Secretary's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. *Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D.Colo. 1982).

6. The Plaintiff must first make a prima facie showing of an impairment which effectively precludes him from returning to his past work. Once that showing is made, the burden shifts to the Secretary to show: (1) that the Plaintiff, considering his age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir.1981); *Salas v. Califano,* 612 F.2d 480, 482–83 (10th Cir.1979); *Gardner v. Brian,* 369 F.2d 443, 446–47 (10th Cir.1966).

7. To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. At the first three levels of the sequential evaluation process, the claimant must show: 1) that he is not engaged in substantial gainful employment; 2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and 3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the

354

claimant cannot show that he has met or equalled a listing, he must show at step four that he is unable to perform work he had done in the past. At the fifth step, the burden of proof shifts to the Secretary to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience. If a determination of disabled or not disabled is found at any step, further inquiry is not required. 20 C.F.R. § 404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical–Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. § 404.1566(d). This aids the Secretary in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1545, 404.1563–.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. § 404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. *Id.* In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. *Id.* If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. *Id.; Channel v. Heckler,* 747

F.2d 577, 583 (10th Cir.1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. *Ray v. Bowen,* 865 F.2d 222, 225 (10th Cir.1989); *Gossett v. Bowen,* 862 F.2d 802, 807–08 (10th Cir.1988); *Channel,* 747 F.2d at 582 n. 6.

***Discussion***

**Substantial evidence does not support the ALJ's determination of the onset date of Plaintiff's disability.**

10. Plaintiff claims he is disabled due to musculoskeletal and mental problems. He was found to be disabled as of April 10, 1992. Plaintiff last met the special earnings requirements for disability insured status on March 31, 1988. Tr. 24.

11. The Secretary promulgated Social Security Ruling 83–20 to determine what evidence is to be considered when establishing the onset date of disability. S.S.R. 83–20. According to this ruling, the date of the onset is when, *inter alia,* "the existence of a medically determinable impairment of disabling severity" occurs. *Id.*

12. In determining the onset date the ALJ evaluates the Plaintiff's allegations, his work history and available medical evidence. S.S.R. 83–20. The onset date must be consistent with the medical evidence of record. In this case, the ALJ's decision is consistent with the medical records. Plaintiff's alleged onset date may also be consistent with the medical records. The medical records are simply not definite. Thus, the ALJ cannot determine the onset of disability with any reasonable precision. In this instance, assistance from a medical expert is required. *Morgan v. Sullivan,* 945 F.2d 1079 (9th Cir.1991).

13. Plaintiff claims a disabling head injury and mental problems. It appears from the Decision that the ALJ found that the onset date was April 1992 because this was when Dr. Fredman made a diagnosis of an organic mental disorder. Tr. 15. However, the medical records are ambiguous. Plaintiff went to the Emergency Room at BCMC in 1983 for a head injury. In 1991, an

internal medicine consultant found that Plaintiff had an underlying personality disorder with alcohol abuse and some anxiety neurosis. Tr. 119. The Plaintiff has a history of alcoholism. Tr. 233. He complained of hallucinations as far back as 1986. Tr. 195. Dr. Gerald S. Fredman, a specialist in psychiatry, examined Plaintiff on July 27, 1992. Of particular significance is Dr. Fredman's finding of fifty on the GAF Scale. Tr. 235. It appears that it is Dr. Fredman's opinion that Plaintiff's problems started before the head injury in April of 1992.

**The Secretary erred in either not fully developing the record or not considering that Plaintiff may have received disability benefits from the State of New Mexico.**

14. Plaintiff contends that he was receiving disability benefits from the State of New Mexico from the State of New Mexico's General Assistance program. There is a general assistance program in New Mexico; however not all recipients are disabled. N.M.S.A. § 27–2–7 1992 (Repl). If there was a determination by a state agency that Plaintiff was disabled, this was not developed in the record. Further, the Secretary makes no mention of this in her decision. Though a finding of disability by another governmental agency is not binding on the Secretary, it should be considered and it is entitled to some weight. *Hankerson v. Harris*, 636 F.2d 893 (2nd Cir.1980).

### Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be granted.