930 F.2d 36
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Michael D. WILSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary, Department of Health and
Human Services, Defendant-Appellee.
 No. 90-5061.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 In this review of the denial of Michael D. Wilson's claim for social security disability benefits, the only issues are whether the conclusion of the administrative law judge (ALJ) was supported by substantial evidence, and whether Wilson's complaints of pain were reviewed by the ALJ under the requirements of Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir.1987).[1] We conclude that the ALJ's decision was supported by substantial evidence and that the claimant's descriptions of pain were properly evaluated. We therefore affirm.
 
 
 2
 The factual background and procedural history of this case are fully set forth in the ALJ's first decision, I R.Supp. (Tr.) at 51-69, the ALJ's second decision, id. at 15-32, and the Magistrate's Findings and Recommendations, I R. tab 16 (magistrate's recommendations), collectively.[2] In this order and judgment, we will repeat only those aspects of the case necessary for our analysis on appeal.
 
 
 3
 The standard of review utilized by the district court also applies to our review on appeal:
 
 
 4
 Judicial review of the Secretary's determination is limited in scope by 42 U.S.C. Sec. 405(g). The court's sole function is to determine whether the record as a whole contains substantial evidence to support the Secretary's decisions. The Secretary's findings stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). In deciding whether the Secretary's findings are supported by substantial evidence, the court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir.1978).
 
 
 5
 Magistrate's recommendations at 2. It would thus be improper for this court to reweigh the evidence. We are limited to determining whether a reasonable and independent person, new to the case, could conclude that the decision the ALJ made is supported by adequate evidence.
 
 
 6
 Because Wilson's claim includes that of disabling pain and because such pain cannot itself be observed, we must be careful to make sure that the ALJ considered observable indications of disabling pain. This circuit listed several of these in Luna v. Bowen, 834 F.2d at 165-66, quoted at length in the magistrate's recommendations at 4. We have read the entire record of the administrative proceeding, from the first claim for benefits through the last letter requesting reconsideration of the appeals council's affirmation of the ALJ's second denial of benefits, including all the medical records. We agree with the magistrate that the ALJ's decision was supported by substantial evidence. See Magistrate's recommendations at 5-6.
 
 
 7
 Wilson argues on appeal that he cannot return to his past relevant work, as found by the ALJ. The magistrate included an accurate summary of the five-step sequential evaluation of social security disability benefits claims. Magistrate's recommendations at 2-3. The issue at step four is "whether the impairment prevents the claimant from doing past relevant work." Id. The issue at step five is whether the "claimant's impairment prevents him from doing any other relevant work available in the national economy." Id. at 3. After the first hearing, the ALJ found that "claimant has the physical residual functional capacity to engage in his past relevant work as a mail clerk or mail handler, both of which are considered in the Dictionary of Occupational titles of the United State Department of Labor to be light work activity." Tr. at 56. After the second hearing, the ALJ found that "claimant can return to his past relevant work." Tr. at 20. The magistrate noted Wilson's disagreement with this finding, but combined his discussion about whether Wilson could return to past relevant work with his discussion about whether the ALJ's decision was supported by substantial evidence. The magistrate included the following statement concerning the burden of proof: "It is well settled that the claimant bears the burden of proving his disability that presents him from engaging in any gainful work activity. Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984)." Magistrate's recommendations at 4.
 
 
 8
 The magistrate's recommendations erred in implicitly adopting the ALJ's conclusion that Wilson could return to his previous job in the face of evidence in the record that he was unable to do heavy labor. Wilson's previous work was that of a mail handler, which required regularly lifting objects in excess of fifty pounds and occasionally lifting objects in excess of 100 pounds, loading and unloading objects from semi-trailer trucks. Tr. at 139-50. According to the ALJ's own determination of Wilson's occupational limitations, Wilson is precluded from work involving repetitive bending or crouching or frequent interactions with a supervisor. See also Magistrate's recommendations at 3. See 20 C.F.R. Secs. 404.1567(e), 416.967(e) (1989) ("Very heavy work involves lifting objects weighing more than 100 pounds ... with frequent lifting or carrying of objects weighing 50 pounds or more"). Wilson is, by the ALJ's own findings, precluded from returning to his past relevant work. Therefore, the ALJ should have proceeded to step five to determine whether the claimant's impairment prevents him from performing any other work, and the magistrate should have so noted.
 
 
 9
 The Channel court is very clear that at step five, the burden is on the Secretary, rather than on the claimant.
 
 
 10
 The claimant bears the burden of proving a disability within the meaning of the Social Security Act. Once the claimant makes a prima facie showing of disability that prevents his engaging in his prior work activity, however, the burden of going forward shifts to the Secretary, who must show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy.
 
 
 11
 Channel, 747 F.2d at 579 (citations omitted). See also Gatson v. Bowen, 838 F.2d 442, 448 (10th Cir.1988). Thus, the burden was on the Secretary, not on Wilson, to show that his impairment did not prevent him from doing any work even though it prevented him from returning to his previous job.
 
 
 12
 These two errors are harmless in this case, however, even in combination, because the ALJ found that Wilson has the residual functional capacity to work in the alternate job classification of mail clerk. Tr. at 21.[3] This conclusion is supported by substantial evidence which was introduced by the Secretary concerning the level of Wilson's physical capabilities. Because sufficient evidence is present in the record to sustain the ALJ's decision under the correct burden of proof and step number, we will not remand this case solely for ministerial corrections.
 
 
 13
 Finally, Wilson's counsel on appeal complains that the two hearings before the ALJ were too brief to elicit the evidence necessary to support Wilson's claim. He is correct that the hearings were brief. However, Wilson was present and was represented by an attorney at both hearings. Nothing in the transcripts indicates that the ALJ cut short Wilson's presentation of evidence in support of his claim.
 
 
 14
 For the reasons set forth in the magistrate's recommendations as supplemented and corrected herein, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Wilson filed objections to the findings and recommendations of the magistrate, I R. tab 17, but the district court adopted the magistrate's recommendations over these objections without further comment. Id. tab 20
 
 
 [3]
 The magistrate added that "[t]he Dictionary of Occupational Titles states that the occupation of mail clerk (D.O.T. No. 209.587-6) is a 'light' occupation which only requires the ability to reach, handle, feel, finger, and see. Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles, pp. 233 and 318 (1981 ed.)." Magistrate's recommendation at 7