54 F.3d 788
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cardin F. RUTLEDGE, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 94-7076.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT*
 HENRY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's affirmance of the Secretary's[1] denial of his application for social security disability benefits. At the time of his hearing before the administrative law judge (ALJ), plaintiff was fifty-eight years old and his main complaint was of breathing problems. The ALJ considered all the record evidence and found that plaintiff suffered from chronic obstructive pulmonary disease and that, because of his impairments, he could not work around respiratory irritants and he had frequent lifting and carrying restrictions of twenty-five to fifty pounds. Given those exertional and nonexertional impairments, the ALJ found that plaintiff could perform his past relevant work as a maintenance man.
 
 
 3
 Plaintiff appealed the final decision of the Secretary denying him benefits, and a magistrate judge recommended that the Secretary's decision be affirmed. The district court adopted the magistrate's findings and recommendations, and affirmed the Secretary's decision. We must now determine whether the record contains substantial evidence to support the Secretary's decision and whether the proper legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."' Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (further quotation omitted).
 
 
 4
 The Secretary denied benefits in this case at step four, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five-step analysis), where the burden is still on the plaintiff to show that his impairments prevent him from performing his past relevant work, Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). The ALJ has an obligation, however, to ensure development of an adequate record, even though the ultimate burden of showing disability rests with plaintiff. Id. at 360-61. This obligation exists even where a plaintiff is represented by counsel. Id. at 361.
 
 
 5
 In this case, the ALJ found that plaintiff's impairments did not preclude him from performing his past relevant work as a maintenance man, but that he could not work around respiratory irritants. The ALJ's findings Nos. 7 and 8, that plaintiff could perform his past relevant work, are not supported by any record evidence of the demands of his past work. Nowhere in the hearing transcript is there any reference to that prior work, let alone any description of what the job entailed or the environmental conditions. The only reference in the entire record to plaintiff's past work as a maintenance man is in the vocational report that plaintiff completed as a supplement to his disability report. The vocation report shows that plaintiff was a maintenance worker at Fine Candy Co., where he "worked on different mach[ines] when they broke down." R. Vol. II at 55.
 
 
 6
 We are faced with an inadequate record to determine whether there is substantial evidence that plaintiff can perform his past work as a maintenance man. Further, the ALJ failed to comply with Social Security Ruling 82-62 and this court's directive in Henrie, by not making specific findings as to the demands of plaintiff's prior job and comparing those demands to plaintiff's residual function capacity. Henrie, 13 F.3d at 361. Of particular concern is the lack of record regarding the environment of plaintiff's past work as a maintenance man, given the ALJ's finding that plaintiff's work environment is limited to an absence of respiratory irritants.
 
 
 7
 In light of the inadequate record before us, this case must be remanded to the Secretary for further record development regarding plaintiff's past relevant work, including the environmental conditions, and how the demands and conditions compare to plaintiff's residual function capacity. We note, however, that we are not persuaded by plaintiff's argument that the ALJ's failure to elicit the opinion of a vocational expert was error. On remand, the ALJ is free, of course, to call a vocational expert if he chooses, but if the analysis ends at step four, where the burden remains with the plaintiff to establish a disability that prevents him from performing his past relevant work, the ALJ is under no obligation to elicit vocational expert testimony. See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992).
 
 
 8
 We REVERSE and REMAND this case to the district court with instructions to remand to the Secretary for proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 While this appeal was pending, the Social Security Administration became an independent agency, currently headed by Commissioner Shirley Chater. Although we have substituted the Commissioner for the Secretary in the caption, see generally Fed. R. App. P. 43(c), in the text, we continue to refer to the Secretary because she was the appropriate party at the time of the agency's denial of benefits