UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CARDIN F. RUTLEDGE,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 99-7097

ORDER
Filed October 20, 2000

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

     This matter is before the court on appellee's motion to publish the court's order and judgment dated September 1, 2000. The motion is granted. A copy of the published opinion is attached.

                              Entered for the Court
                              PATRICK FISHER, Clerk

                              By:
                                  Keith Nelson
                                Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 1 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

CARDIN F. RUTLEDGE,

   Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

   Defendant-Appellee.

No. 99-7097

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 96-CV-577-BU)**

---

Submitted on the briefs:

Paul F. McTighe, Jr., Tulsa, Oklahoma, for Plaintiff-Appellant.

Bruce Green, Unites States Attorney, Cheryl R. Triplett, Assistant United States
Attorney, Arthur J. Fried, General Counsel, Charlotte J. Hardnett, Principal
Deputy General Counsel, John M. Sacchetti, Associate General Counsel,
Litigation Division, Eileen A. Farmer, Attorney, Office of the General Counsel,
Social Security Administration, Baltimore, Maryland, for Defendant-Appellee.

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

**McKAY** , Circuit Judge.

Claimant Cardin F. Rutledge appeals from the district court 's affirmance of the decision of the Social Security Administration denying him disability benefits. [1] A previous denial of benefits was remanded to the agency by this court because the agency's conclusion that claimant could return to his past relevant work was not supported by evidence of the demands of that work or comparison with claimant's determined residual functional capacity (RFC). *See Rutledge v. Chater*, No. 94-7076, 1995 WL 307580, at **2 (10th Cir. May 11, 1995) (unpublished order and judgment). On remand, the administrative law judge (ALJ) held a second hearing at which a vocational expert (VE) testified. The ALJ determined that, up until December 31, 1991, when claimant's insured status for benefits expired, claimant retained the RFC to perform medium work with nonexertional limitations as to high exposure to environmental irritants and climbing in hazardous places. *See* Appellant's App., Vol. II at 181. Given these limitations, and based on VE testimony, the ALJ concluded that claimant could perform two jobs which existed in significant numbers in the national economy: hand packer and bench assembler. *See id.* at 181-182, 244. Claimant again

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sought review from the federal district court . That court affirmed the agency's determination, and claimant appealed.

We have jurisdiction over this appeal by virtue of 42 U.S.C. § 405(g). Our review is limited to determining whether the agency's findings are supported by substantial evidence and whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). In light of these standards, and after a thorough review of the record on appeal, we affirm.

In order to determine whether a claimant is disabled under the Social Security Act, the agency applies a five-step process. *See* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing steps in detail). Here, the ALJ reached step five, concluding that although claimant had chronic obstructive pulmonary disease (COPD), a severe impairment, and although he could not return to his past relevant work, claimant retained the capacity to perform medium work available in the national economy. *See* Appellant's App., Vol. II at 180-83. The ALJ acknowledged that, at age fifty-seven, claimant was of "advanced age" at the time his insured status expired [2] and

---

[2] The ALJ's decision actually states that claimant was a person "closely approaching advanced age," that is, between ages fifty and fifty-four. *See* Appellant's App., Vol. II, at 183, 20 C.F.R. § 404.1563(c). But it is clear from the hearing transcript that the ALJ was aware that claimant should be considered disabled without transferable skills unless he could perform medium work, strictures relating only to claimants of advanced age. *See id.* at 243.

did not possess transferable skills; therefore, claimant must be found incapable of performing work at the medium exertional level to be considered disabled under agency rules. *See* 20 C.F.R. § 404.1563(d). At step five, the burden is on the agency to show that claimant retains the RFC to perform work that exists in the national economy. *See Miller v. Chater*, 99 F.3d 972, 975 (10th Cir.1996).

On appeal, claimant contends that the ALJ made several errors in concluding that he was capable of performing medium work before his insured status expired. First, he contends that the ALJ's decision is not supported by evidence that claimant could perform work "on a sustained and regular basis." Appellant's Br. at 16. Claimant points to his testimony that he must rest after walking two blocks, mowing the lawn, or doing the dishes, and medical evidence about his COPD. *See id.* at 16-17. However, claimant ignores other medical evidence and testimony, on which the ALJ relied to conclude that claimant's respiratory impairments were not severe. *See* Appellant's App., Vol. II, at 179-80. We will not reweigh the evidence. *See Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir. 1992).

Claimant also argues that the ALJ's RFC is without support because the ALJ cannot point to affirmative evidence that claimant can perform the walking, standing, lifting, carrying, bending and stooping required of medium exertional level jobs. He also contends that as a result of this error, the ALJ has shifted the

burden to claimant to demonstrate he is not capable of doing the jobs the VE testified he could perform. We reject these arguments. The VE testified that the two jobs in question were within the exertional level the ALJ determined claimant could perform, based on the medical record. *See* Appellant's App., Vol. II at 244. The ALJ relied on claimant's own testimony as support for his determination that claimant could lift up to fifty pounds. *See id.* at 180. Testimony from the VE supports the conclusion that claimant's need to rest after walking two blocks would not preclude him from performing these jobs. *See id.* at 244-45. Further, although the agency bears the burden of proof at step five to show that claimant has the RFC to perform available work in the national economy, that burden does not require the agency to address or assess exertional requirements for which the medical record provides no evidence of an impairment or limitation. *Cf. Hawkins*, 113 F.3d at 1167-68 (holding that "the starting place" for further investigation, including ordering consultative exams, "must be the presence of some objective evidence in the record" and noting that, in counseled cases, "the ALJ may ordinarily require counsel to identify the issue or issues requiring further development"). Here, no objective medical evidence before the agency provides any basis for a conclusion that claimant could not stand, bend, or stoop as needed

to perform the jobs the VE listed. [3] Therefore, the ALJ did not err in failing to investigate or produce evidence on these points.

Claimant argues that the ALJ reached his conclusions by performing his own interpretation of a pulmonary test given claimant in February of 1992. This argument lacks merit because the report of the test results included a computer interpretation that claimant had a moderate obstructive lung defect. That interpretation is consistent with the opinion of Dr. Welch, who had performed a pulmonary test only four months earlier. *See* Appellant's App., Vol. II at 128. Under these circumstances, the ALJ was not required to seek further medical opinion or a consultative examination to determine the status of claimant's COPD. [4]

Finally, claimant argues that the ALJ's hypothetical to the VE at the second hearing was flawed because the ALJ asked the VE to assume claimant could do medium work with some limitations. He contends that the ALJ's hypothetical

---

[3] The ALJ rejected as not credible claimant's testimony at the second hearing that he could stand for only thirty minutes at one time. *See* Appellant's App., Vol. II at 180. *Cf. Hawkins*, 113 F.3d at 1167 (noting that a claimant's "isolated and unsupported comments" are insufficient to "raise the suspicion" of an impairment).

[4] We also note that claimant's argument that the agency had a duty to further develop the medical record misrepresents this court's remand of claimant's case in 1995. The remand was not for development of the medical record, as claimant's argument implies, but for development of the record with regard to the demands of claimant's past relevant work and a comparison of those demands with his RFC. *See Rutledge*, 1995 WL 307580 at **2.

"represent[ed] circular reasoning by asking the [VE] to assume the issue to be proved." This argument, which implies that the VE is somehow responsible for determining a claimant's exertional level, is contradicted by the agency's own rules. *See* 20 C.F.R. § 416.946 (stating that, for cases heard before an ALJ, it is the ALJ's responsibility to determine a claimant's residual functional capacity). Further, it again challenges the ALJ's RFC determination, which we have already upheld. Because the ALJ's hypothetical included all of the limitations he properly determined claimant to have, there was no error. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).

In light of our conclusion that the agency applied the correct legal standards and that substantial evidence supports the agency's decision, we need not address claimant's complaints about the district court 's decision or analysis. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.