**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

PATRICIA A. FIELDS,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 03-7031
(D.C. No. 02-CV-363-P)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's judgment affirming the Commissioner's denial of her application for social security disability and supplemental security income benefits. We have jurisdiction, and we affirm. "Our review is limited to determining whether the agency's findings are supported by substantial evidence and whether the correct legal standards were applied." *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

Plaintiff filed for benefits in December of 1998 alleging she became disabled on November 18, 1998, due to back, chest, and leg pain, glaucoma, and breathing problems. She was born in 1949, completed the tenth grade in school, and later earned a GED. She also attended school to become a nursing assistant; most of her work experience has been as a nurse's aide or home health provider.

After considering the medical evidence, the ALJ determined, at step two of the sequential evaluation process, that none of plaintiff's alleged impairments, either singly or in combination, constituted a severe impairment as defined by the regulations. *See* 20 C.F.R. §§ 404.1521(a), 416.921(a). ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.") At step two, it is the plaintiff's burden to demonstrate an impairment that significantly limits her ability to do basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The step-two severity determination is based on medical factors alone,

and "does not include consideration of such vocational factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

On appeal plaintiff raises the same issues she raised in district court. First, she contends the ALJ failed to adequately develop a complete record. Next, she argues the ALJ erred in his step two determination that she does not have a severe impairment with regard to her back. Finally, plaintiff claims the ALJ erred in failing to consider her obesity and its impact on her ability to work. Aplt. Br. at 9.

In her first assignment of error, although plaintiff argues that the ALJ "committed reversible error at step four of the five-step process," *id*. at 10, this case was decided at step two. Thus her recitation of the step-four requirements is irrelevant.

Plaintiff also claims to suffer from a severe mental impairment and argues that a consultative mental examination should have been obtained. The only evidence offered in support of this alleged mental impairment, however, came from plaintiff's counselor in the form of two letters, a "form" medical source statement, and the counselor's hearing testimony. Plaintiff concedes that the counselor is not a "'licensed treating source.'" *Id.* at 12. *See also* 20 C.F.R. §§ 404.1513(a);416.913(a) (defining acceptable medical sources); 404.1527; 416.927 (explaining process of evaluating opinion evidence). The ALJ

considered these documents and testimony, but determined they were unsupported by any clinical evidence whatsoever. *See Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (Secretary properly discounted significance of claimed impairment for lack of objective corroborative evidence). Moreover, there is no indication in the record that plaintiff had ever reported any symptoms of a mental impairment to her treating or consulting physicians, her reported complaints having uniformly involved only alleged physical issues. There is also no indication counsel sought a consultative explanation. An ALJ is entitled to rely on counsel "to identify the issue or issues requiring further development." *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997). Only when a claimant has satisfied her burden of providing evidence suggestive of a severe impairment does it become the ALJ's responsibility "to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment." *Id.*

Plaintiff also contends that the ALJ should have ordered a consultive examination regarding her heart complaints. Aplt. Br. at 13. This argument overlooks the fact that plaintiff *was* examined by a consultative physician (Dr. Stokes), who listed plaintiff's complaints, which consisted of pain in her knees and back, as well as left leg and thigh, alleged heart and swallowing problems, and glaucoma (but not any mental problems). Aplee. Supp. App.

at 182. Dr. Stokes reported an adequate air exchange in her lungs at rest and a regular sinus rhythm in her heart, with no murmur, cardiomegaly, shock, or thrill. *Id.* at 185. In documenting plaintiff's description of her chest discomfort, Dr. Stokes reported the duration of plaintiff's attacks as four to five minutes (for which plaintiff would lie down) occurring approximately once a week. *Id.* at 190.

Plaintiff also contends the ALJ was required "to obtain pertinent, available medical records which come to his attention during the course of a hearing." Aplt. Br. at 13. Plaintiff does not, however, identify the existence of any such records, nor did counsel seek to add any records during or following the hearing, other than the submissions of the mental health counselor.

For her second proposition, plaintiff argues that the ALJ erred in finding she did not have a step-two severe impairment with regard to her back. *Id*. at 14. The "medical evidence" she relies on, however, does not support her claim. For example, she relies on a 1992 report that she was a candidate for back surgery based on a 1991 injury she sustained while lifting a patient. *Id*. at 16; Aplee. Supp. App. at 245-48. However, there is no indication such possible surgery ever became necessary. Moreover, the mere fact that plaintiff may have been considered temporarily disabled in the past does not indicate that her more recent condition is severe, particularly in light of her own reports of continued working after that time. And, in response to Dr. Stokes' questioning in 1999, she stated

-5-

that "well the back is OK and the hands are OK." *Id*. at 183. Although she now argues that a claimant "may have so many restrictions placed on her by her treating physician upon reaching maximum medical improvement that she is unable to hold down a job and is disabled . . . ," Aplt. Br. at 17, she fails to cite to any record evidence that she was placed on restricted activities by any physician. The ALJ indicated he had carefully considered all the evidence and closely reviewed the record. An ALJ is not also obligated to discuss every piece of evidence. *See Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996). Contrary to plaintiff's suggestion, the ALJ did provide sufficient rationale for determining the weight he accorded the medical evidence. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995) (we will not reweigh evidence or substitute our discretion for that of agency).

Finally, plaintiff argues that the ALJ failed to adequately consider plaintiff's "obesity and its impact on her other ailments, daily activities, and ability to work." Aplt. Br. at 17. She fails, however, to cite any specific record evidence to show that this impairment in any way affects her ability to engage in basic work activities. Our review of the record persuades us that the ALJ in this case properly concluded that none of plaintiff's impairments were severe within the meaning of the regulations.

AFFIRMED. Defendant's "Motion to Admit Appellee's Supplemental Transcript and to Strike the Portion of Appellant's Appendix Containing the Redacted Transcript" is granted.

Entered for the Court

Wade Brorby
Senior Circuit Judge